```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/22/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

MAURICE MCDOWALL,                    :
                                     :
                    Plaintiff,       :
                                     :        08-Civ-8329(BSJ)
         v.                          :
                                     :        **OPINION AND ORDER**
                                     :
                                     :
METROPOLITAN CORRECTIONAL CENTER,    :
JAMES CROSS, as Warden of            :
MCC New York, DR. ROLANDO NEWLAND,   :
WANDA PAMPHILE, EMMADUDIN KHAN,      :
AND TERRANCE THOMAS                  :
                                     :
                    Defendants.      :
---------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

## I. INTRODUCTION

Maurice McDowall ("McDowall" or "Plaintiff"),

presently incarcerated and proceeding *pro se*, brings this

action against Metropolitan Correctional Center New York

("MCC New York"), a facility operated by the Bureau of

Prisons ("BOP"); James Cross, the former Warden of MCC New

York; Wanda Pamphile, the Senior Pharmacist for the Public

Health Service ("PHS") detailed to MCC New York; Emmadudin

Khan, who was a physician's assistant at MCC New York until

he retired in 2008; and Terrance Thomas, a Senior Staff

Nurse employed by PHS who was detailed to MCC New York

until 2008 (collectively, "Defendants"). Plaintiff claims

violations of his rights under federal law. Specifically,

Plaintiff asserts that he was not provided his prescribed medication for two separate periods while incarcerated at the MCC New York. The Complaint does not specify whether this action is brought under the Federal Tort Claims Act ("FTCA") or pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens"), but the Court will liberally construe Plaintiff's Complaint to include both causes of action. Defendants now move to dismiss the Complaint pursuant to Rule 12(b)(1), Rule 12(b)(6), and Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). For the reasons stated below, Defendants' motion is GRANTED in its entirety.

## II. BACKGROUND

Plaintiff is a prisoner who was incarcerated at MCC New York at all times relevant to the Complaint. See Declaration of Adam Johnson ("Johnson Decl."), dated April 6, 2009, ¶3 and Ex. A.[1] The Complaint was filed on September 29, 2008. In it, Plaintiff alleges that he was not provided his prescribed drugs during two periods of time – one period lasted for three weeks and a second period spanned

---

[1] Consideration of the Johnson Declaration is proper in ruling on Defendants' motion under Rules 12(b)(1) and 56. See Phifer v. City of New York, 289 v. F.3d 49, 55 (2d Cir. 2002)(noting that in challenges to subject matter jurisdiction under Rule 12(b)(1), a district court "may consider materials extrinsic to the complaint"); See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006)(court may consider matters outside the pleadings, including affidavits, when ruling on a motion for summary judgment).

54 days. (Compl. Pt. II.D.) Plaintiff states that defendant
Dr. Newland told him that he wrote a prescription for him,
but Plaintiff claims that he never received the medication.
(Id.) Plaintiff also states that defendant Thomas was
involved, though no specific facts regarding Thomas's
involvement are set forth. (Id.) The Complaint makes no
factual allegations against defendants Cross or Khan. (See
Compl.)

Plaintiff alleges that as a result of the failure to
fill his prescription, he suffered an enlarged prostate,
swollen testicles, and bladder damage. (Id. at Pt. III.)
Plaintiff complains that "[e]veryday that goes by increases
the risk and endangers my health for a serious complication
like prostate cancer, testicle cancer, loss of sexual
libido, plus permenent [sic] damage to my bladder, possibly
requiring a colostomy in time." (Id. at Schedule A.)
Plaintiff requests $3,500,000 in damages. (Id.) Plaintiff
also requests to see a Urologist and a prostate specialist.
(Id.)

### III. LEGAL STANDARDS

Defendants move to dismiss Plaintiff's Complaint for
lack of subject matter jurisdiction pursuant to Fed. R.
Civ. P. 12(b)(1), for failure to state a claim for relief

3

pursuant to Fed. R. Civ. P. 12(b)(6), and for summary judgment pursuant to Fed. R. Civ. P. 56.

A. Lack of Subject Matter Jurisdiction

In deciding a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), a court must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction. See Atlantic Mut. Ins. Co. v. Balfour MacLaine Intel Ltd., 968 F.2d 196, 198 (2d Cir. 1992). The court may consider matters outside the pleadings, such as affidavits, documents, and deposition testimony. See, e.g., Antares Aircraft v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991); Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). Thus, the standard used to evaluate a Rule 12(b)(1) claim is akin to that for summary judgment under Fed. R. Civ. P. 56. See Kamen, 791 F.2d at 1011. Moreover, the party invoking the Court's jurisdiction has the ultimate burden of proving such jurisdiction by a preponderance of the evidence. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

B. Failure to State A Claim Upon Which Relief May Be Granted

4

A complaint will be dismissed under Rule 12(b)(6) if it does not state a claim upon which relief may be granted. Under Rule 12(b)(6), the action will not be dismissed unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which will entitle him to relief." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (internal quotations omitted). In considering the motion, the court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." When a plaintiff is proceeding *pro se*, the court must liberally construe the complaint. See, e.g., Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).

C. Summary Judgment

A party moving for summary judgment under Federal Rule of Civil Procedure 56(c) must show that no genuine issues of material fact remain to be tried and that it therefore is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Salamon v. Our Lady of Victory Hosp., 514 F.3d 217 (2d Cir. 2008). To defeat a motion for summary judgment, the non-moving party must adduce admissible

evidence that demonstrates that genuine issues of material fact remain. See G.D. Searle & Co. v. Medicore Commc'ns, Inc., 843 F.Supp. 895, 903 (S.D.N.Y. 1994); Ozemebhoya v. Edison Parking Corp., 2007 U.S. Dist. LEXIS 66552, 2007 WL 2593008 at * 4-5 (S.D.N.Y. 2007). In deciding the motion, the district court "is not to resolve issues of fact but only to determine whether there is a genuine triable issue as to a material fact." Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000). The court must consider the evidence and draw all reasonable inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment is improper if, looking at the record in this light, there is any evidence from any source from which a reasonable inference could be drawn in favor of the non-moving party. Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). However, a party opposing summary judgment "may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that [its] version of relevant events is not fanciful." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal citations and quotation marks omitted).

Where, as here, a *pro se* litigant is involved, although the same standards for dismissal apply, a court should give the *pro se* litigant special latitude in responding to a summary judgment motion. McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994))). In particular, the *pro se* party must be given express notice of the consequences of failing to respond appropriately to a motion for summary judgment. Local Civil Rule 56.2; see McPherson, 174 F.3d at 281; Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620-621 (2d Cir. 1999).

In this case, by Notice to Pro Se Litigant Pursuant to Local Rule 12.1, the Plaintiff was advised of the procedures for responding to a motion supported by matters outside the pleadings, including the requirement that he submit counter-evidence. Plaintiff was also provided with a copy of Rule 56.

## IV. DISCUSSION

    A. FTCA Claims

        1. United States is Substituted as Defendant for Named Defendants

7

To the extent that Plaintiff asserts a claim for money damages for injury "caused by the negligent or wrongful act or omission of any agency or employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 1346(b), the FTCA governs his claims, id. §§ 1346, 2671-2680. The FTCA makes clear, however, that Plaintiff's exclusive remedy is an action against the United States, not a federal agency or its employees. Id. § 2679(b)(1)(providing that "[t]he remedy against the United States provided by section [] 1346(b)...of this title for...personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee"); see also C.P. Chem. Co. v. United States, 810 F.2d 34, 3 n.1 (2d. Cir. 1987)("The FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself."). In addition, the FTCA provides government employees acting within the scope of their employment with

absolute immunity from suit. See Rivera v. United States, 928 F.2d 592, 608-609 (2d. Cir. 1991).

Because the remedy provided by the FTCA against the United States is exclusive, the United States must be substituted in place of the named defendants if the conditions set forth in the relevant statutes are met. See 42 U.S.C. § 233(c) ("Upon a certification of the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose...the proceeding [shall be] deemed a tort action brought against the United States."); 28 U.S.C. § 2679 (providing that, for federal tort claims, "upon certification of the Attorney General that the defendant employee was acting within the scope of his office or employment a the time of the incident out of which the claim arose...the United States shall be substituted as the party defendant"). See, e.g., Owusu v. Fed. Bureau of Prisons, No 02 Civ. 0915 (NRB), 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003)(substituting the United States as a defendant for FTCA claims against prison warden); Hylton v. Fed. Bureau of Prisons, No. 00 Civ. 5747 (RR), 2002 WL 720605, at *3 (E.D.N.Y. Mar. 11, 2002)(substituting United States as defendant for BOP prison warden).

In the present case, the Unites States has provided the necessary certification. The United States Attorney certified that the named defendants were employees of the United States at the relevant times alleged in the Complaint. See Certification of Lev. L. Dassin ("Dassin Cert."), dated March 30, 2009. Plaintiff does not oppose the substitution of the United States for the named Defendants.

Accordingly, to the extent that Plaintiff asserts a FTCA claim, the named defendants are dismissed and the United States is substituted as the defendant with respect to such claims.

>2. Exhaustion of Administrative Remedies for FTCA Claims

Defendants argue that this Court does not have jurisdiction to address Plaintiff's FTCA claims because he has failed to exhaust administrative remedies as required by the FTCA. (Defendants' Memorandum of Law in Support of their Motion to Dismiss and for Summary Judgment ("Defs.' Mem.") at 7-9.) The FTCA waives the sovereign immunity of the United States for the common law torts of its employees while acting within the scope of their employment. 28 U.S.C. § 1346(b). Exhaustion of administrative remedies is a prerequisite to suit in federal court under the FTCA.

McNeil v. U.S., 580 U.S. 106, 113, 113 S. Ct. 1980, 124 L.
Ed. 21 (1993); 28 U.S.C. § 2675(a)(the FTCA requires that
before a claimant may initiate an action against the United
States, "the claimant shall have first presented the claim
to the appropriate Federal agency and his claim shall have
been finally denied.")

In order to exhaust FTCA administrative review, an
inmate must file his or her claim with the appropriate BOP
Regional Office and then appeal to the BOP General
Counsel's Office. 28 C.F.R. §§ 543.31, 543.32; see Owusu v.
Federal Bureau of Prisons, No. 02 Civ. 0915 (NRB), 2003 WL
68031, at *2 (S.D.N.Y. Jan. 7, 2003)). "Unless a plaintiff
complies with that requirement, a district court lacks
subject matter jurisdiction over a plaintiff's FTCA claim."
Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir.
1999); see also Keene Corp. v. United States, 700 F.2d 836,
841 (2d. Cir. 1983 (exhaustion requirement is
"jurisdictional and cannot be waived"); Robinson, 21 F.3d
at 510 (no subject matter jurisdiction where plaintiff
"failed to first present his claim to the appropriate
agency").

In this case, BOP has no record of any administrative
tort claim being filed by Plaintiff. (Johnson Decl. ¶¶ 12-
13.) Moreover, Plaintiff does not dispute that he has not

properly exhausted his administrative remedies for any

claims under the FTCA. Accordingly, Plaintiff's FTCA claims

against the United States, as substituted for the named

Defendants, must be DISMISSED for lack of jurisdiction.

    B. Bivens Claims

        1. PLRA Administrative Exhaustion Requirement

    Defendants argue that Plaintiff's Bivens claims also

fail on exhaustion grounds. (Defs.' Mem. at 10-14.) The

Prison Litigation Reform Act ("PLRA") mandates that a

prisoner exhaust all administrative remedies before

bringing an action in federal court regarding prison

conditions.[2] See 42 U.S.C. § 1997(e)(2006)(providing that:

"No action shall be brought with respect to prison

conditions under § 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as

are available are exhausted."); see also Porter v. Nussle,

534 U.S. 516, 516 (2002); Booth v. Churner, 532 U.S. 732,

739 (2001). Failure to exhaust is an absolute bar to an

inmate's action in federal court: "[section] 1997e(a)

*requires* exhaustion of available remedies *before* inmate-

plaintiffs may bring their federal claims to court *at all*."

---

[2] The exhaustion requirements under the PLRA and the FTCA differ. See
Owusu, 2003 U.S. Dist. LEXIS 162, 2003 WL 68031, at *2.

Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001)(quotation marks and citation omitted)(emphasis in original). Because the plain language of section 1997e(a) states "no action shall be brought," an inmate must have exhausted his claims at the time of initial filing, given that "[s]ubsequent exhaustion after suit is filed...is insufficient." Id. Moreover, the exhaustion of administrative remedies must be proper – that is, in compliance with a prison grievance program's deadlines and other procedural rules – in order to suffice. See Woodford v. Ngo, 548 U.S. 81, 90-92 (2006). The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. The Second Circuit has explained that "'[a]llert[ing] the prison officials as to the nature of the wrong for which redress is sought ,'...does not constitute proper exhaustion." Macias v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007)(quoting Braham v. Clancy, 425 F.3d 177, 184 (2d Cir. 2005) and citing Woodford, 548 U.S. at 94-95)(finding plaintiff "cannot satisfy the PLRA's exhaustion requirement solely by filing two administrative tort claims, or by making informal complaints to the MDC's staff"). Further,

"notice alone is insufficient because '[t]he benefits of
exhaustion can be realized only if the prison grievance
system is given a fair opportunity to consider the
grievance. The prison grievance system will not have such
an opportunity unless the grievance complies with the
system's critical procedural rules.'" Id. (citing Woodford,
548 U.S. at 95).

2. BOP's Administrative Remedy Program

Under the PLRA, the general rule is that claims of
deliberate indifference to medical needs are properly
dismissed when plaintiff has not completed "exhaustion of
the four-step administrative procedures set forth in the
BOP's Administrative Remedy Program." Smith v. Grayer, 08
Civ. 2822 (SAS)(S.D.N.Y. Mar. 16, 2009)(citing Owusu v.
Federal Bureau of Prisons, No. 02 Civ. 0915, 2003 WL 68031,
at *2 (S.D.N.Y. Jan. 7, 2003)). These four steps include:
(1) attempting informal resolution with prison staff (form
BP-8); (2) submitting a formal written "Administrative
Remedy Request" (form BP-9) to the warden within twenty
days of the triggering event; (3) appealing the warden's
decision to the appropriate Regional Director (form BP-10)
within twenty days of the formal written request being
deni[ed]; and (4) appealing the Regional Director's
decision to the BOP General Counsel's office (form BP-11)

within thirty days. See Owusu at *2 n.2 (citing 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a)).

    3. Application

    In this case, Plaintiff has failed to comply with the PLRA's administrative exhaustion requirement prior to initiating this lawsuit. Nowhere in the Complaint does Plaintiff allege that he complied with the administrative remedy procedures applicable to incarcerated individuals. Indeed, under Section IV of the Complaint entitled "Exhaustion of Administrative Remedies," Plaintiff did not answer the question whether the prison had an administrative remedy program, (Compl. at Pt. IV(B)), nor did he indicate whether he filed a grievance with the BOP, (id. at Pt. IV(C)). In addition, Plaintiff did not provide any response to the question requesting that he explain why no grievance was filed. (Id. at Pt. IV(F)). However, the record indicates that Plaintiff began the administrative remedy process by filing a form used to seek informal resolution of grievances (form BP-8) on May 27, 2008. (Johnson Decl. ¶ 8.) Plaintiff then filed a formal grievance (form BP-9), on June 1, 2008. (Id.) Before BOP could provide Plaintiff a response to his administrative remedy request, however, Plaintiff voluntarily withdrew his BP-9 on June 24, 2008. (Id. at ¶ 9 and Ex. B.) Under such

15

circumstances, withdrawal of an administrative remedy

request prior to a decision on the merits does not satisfy

the PLRA exhaustion requirement. See, e.g., Beeson v.

Fishkill Corr. Facility, 28 F. Supp. 2d 884, 887 (S.D.N.Y.

1998)(finding prisoner did not satisfy exhaustion

requirement where he withdrew grievances from

administrative process before they were decided on their

merits); King v. Noland, no. 06 Civ. 5538 (WHA), 2008 WL

61893, at *2 (N.D. Cal. Mar. 4, 2008)(prisoner who withdrew

his administrative grievance because he thought his request

had been granted nonetheless failed to exhaust by failing

to appeal to the highest level); see also Hartsfield v.

Vidor, 199 F.3d 305, 309 (6th Cir. 1999)(prisoner had not

exhausted where he did not follow grievance to the final

administrative appeal); Evans v. Woodford, No. 06 Civ.

01250 (ALA), 2008 WL 4196973, at *2 n.1 (E.D. Cal. Sept.

11, 2008)(since prisoner withdrew grievances after the fist

level of review, the administrative process was never

exhausted); Fox v. Nelson, No. 06 Civ. 102 (WLS), 2008 WL

4203248, at *1(M.D. Ga. Sept. 5, 2008)(plaintiff who

voluntarily withdrew his grievance before a final decision

was rendered on appeal failed to fully exhaust available

administrative remedies); Foster v. Coody, No. 06 Civ. 249

(JJB), 2008 WL 544676, at *4 (M.D. La. Feb. 28,

2008)(inmate who withdrew grievance failed to exhaust administrative remedies).

Plaintiff argues that he should be excused from failing to properly exhaust his administrative remedies. In his opposition papers, Plaintiff complains that an unnamed woman "tricked" him into signing his BP-9 withdrawing his grievance. (Pl.'s Opp. to Defs.' Mot. to Dismiss and for Summ. J. ("Pl.'s Opp.") at *2.)

An inmate may be excused from failing to exhaust his administrative remedies only where (1) administrative remedies were unavailable to him, (2) prison officials inhibited the inmate from filing administrative remedy requests, (3) or where other "special circumstances" exist. See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).[3] Defendants argue that none of these exceptions is applicable in this case. (Defs.' Reply Mem. of Law in Further Supp. of Defs.' Mot. to Dismiss and for Summ. J ("Defs.' Reply") at 3.) The Court agrees.

i. Availability of Remedies

---

[3] Following the Supreme Court's decision in Woodford v. Ngo, 548 U.S. 81, 90-92 (2006), the Second Circuit questioned whether exhaustion exceptions such as special circumstances still applied. See Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006). District courts, however, have continued to apply exceptions. See, e.g., Amador v. Superintendents of Dept. of Corr. Servs., No. 03 Civ. 0650, 2007 WL 4326747, at *6-8 (S.D.N.Y. Dec. 4, 2007)(considering Ruggiero); Jones v. Fisher, No. 07 Civ. 7589, 2008 WL 3174510 (S.D.N.Y. Aug. 7, 2008)(ignoring Ruggiero).

17

In this case, it is undisputed that administrative remedies were available to Plaintiff. Plaintiff does not dispute that the BOP had in place a four-step grievance procedure regarding claims with respect to prison conditions. Accordingly, administrative remedies were available to Plaintiff. Plaintiff's conclusory allegation that he was misled into withdrawing his BP-9 does not alter this conclusion. See Lee v. Lindsey, No. 06 Civ. 1824, 2009 WL 1076390, at *5 (M.D. Pa. April 21, 2009)(plaintiff's "unsupported and conclusory allegations of attempts to trick him and inefficiencies in the grievance process are insufficient to create a genuine issue regarding the availability of administrative remedies.")

ii. Estoppel

The Court must also assess whether Defendants are estopped to assert the affirmative defense of non-exhaustion by their own actions. The Second Circuit has stated that "[i]n our prior cases recognizing that defendants' actions may estop them from raising non-exhaustion as a defense, each prisoner alleged that defendants took *affirmative action* to prevent him from availing himself of grievance procedures." Ruggiero v. County of Orange, 467 F.3d 170, 178 (2d Cir. 2006)(emphasis added)(citing Ziemba v. Wezner, 366 F.3d 161, 162 (2d Cir.

2004)(estoppel appropriate where prisoner claimed that he was beaten, threatened, and denied grievance forms and writing materials).

In this case, Plaintiff does not complain that Defendants took any affirmative action denying him access to the process. Indeed, the record indicates that he both had access to and utilized BOP's administrative remedy process, as he successfully filed a BP-8 and BP-9.(See Johnson Decl. ¶8, Exs. C,D). Moreover, nothing in Plaintiff's conclusory response allows the inference that BOP officials denied him access to the administrative process. See Ruggiero, 467 F.3d at 178 (2d Cir. 2006)(affirming dismissal for failure to exhaust because Plaintiff "points to no affirmative act by prison officials that would have prevented him from pursuing administrative remedies").

Accordingly, Defendants are not estopped from raising Plaintiff's failure to exhaust as an affirmative defense.

iii. Special Circumstances

When a prisoner plausibly alleges special circumstances that caused the prisoner's failure to comply with the grievance procedures, the court may waive the exhaustion requirement. See, e.g., Brownell v. Krom, 446 F.3d 305, 311-12 (2d Cir. 2006). "The special circumstances

19

inquiry 'must be determined by looking at the circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way.'" Jones, 2008 WL 3174510, at *4 (quoting Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004). "Findings of special circumstances have been primarily established where plaintiffs acted pursuant to reasonable interpretations of the regulations, thus preventing exhaustion." Winston v. Woodward, No. 05 Civ. 3385, 2008 WL 2263191, at *10 (S.D.N.Y. May 30, 2008).

Construing the Complaint broadly, Plaintiff alleges that BOP tricked him into withdrawing his grievance and that this qualifies as a "special circumstance" sufficient for allowing non-exhaustion. Defendants argue that even assuming, arguendo, that the facts alleged are true, they are insufficient to excuse Plaintiff's failure to exhaust.[4] The Court agrees.

---

[4] Absent an allegation by the inmate that his failure to exhaust was based on a reasonable, but erroneous interpretation of prison regulations, the special circumstances exception is generally inapplicable. See Sloane v. Mazzuca, No. 04 Civ. 8266 (KMK), 2006 WL 3096031, at *8 (S.D.N.Y. Oct. 31, 2006)(finding no special circumstances where plaintiff was not prevented from filing grievances and did not allege interpretation different from that of agency); Boddie v. Bradley, No. 99 Civ. 1016, 2006 WL 162996, at *3 (N.D.N.Y. Jan. 20, 2006), aff'd, 228 F.App'x 5,7 (2d Cir. 2006)(special circumstances inapplicable because inmate did not rely on allegedly unclear state prison regulations); see also Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004)(finding no special circumstances because administrative remedies were available to prisoner during periods of incarceration); Baez, 469 F. Supp. 2d at 179 (inability to speak English not a special circumstance excusing exhaustion); Newman v.

20

As Plaintiff cannot establish that he is entitled to

any of the exceptions that might excuse his failure to

fully exhaust his administrative remedies, his Bivens

claims are DISMISSED pursuant to Fed. R. Civ. P. 56.[5,6]

---

Duncan, No. 04 Civ. 395 (TJM/DRH), 2007 WL 2847304, at *4 (N.D.N.Y. Sept. 26, 2007) (failing to exhaust remedies due to claimed but undocumented mental illness is not a special circumstance); Houston v. County of Westchester Dep't of Corr., No. 06 Civ. 3395 (DC), 2006 WL 3498560, at *3 (S.D.N.Y. Dec. 5, 2006) (rejecting special circumstances exception where administrative remedies were available).

[5] Defendants argue that even if Plaintiff had exhausted administrative remedies as required by the PLRA, he has failed to state a claim under the Eighth Amendment. (Defs' Mem. at 15-18.) A prison official violates the Cruel and Unusual Punishment Clause of the Eighth Amendment if he or she demonstrates "deliberate indifference to a substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotation marks omitted). This standard includes a subjective prong that requires the plaintiff to show that a prison official "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Dismissal is appropriate where the plaintiff relies on conclusory statements of law and fails to allege deliberate indifference. See Phelps v. Kapnolas, 308 F.3d 180, 187 (2d. Cir. 2002); Leeds v. Meltz, 85 F.3d 51, 52 (2d. Cir. 1996); see, e.g., Dawkins v. Jones, No. 03 Civ. 0068 (DAB) (AJP), 2004 U.S. Dist. LEXIS 4596, 2005 WL 196537, at *16 (dismissing inmate's suit for, inter alia, failure to allege deliberate indifference).

Plaintiff does not allege that any of the defendants knew of and disregarded an excessive risk to his health or safety, and instead includes facts demonstrating that prison officials responded to each incident to assist him. (See Compl.) In fact, Plaintiff's BP-8 notes Dr. Newland checked on Plaintiff's prescription and learned that it had not been filled and informed the correctional counsel that Plaintiff should receive his medications that day. (Johnson Decl. Ex. C.) (The Court may consider the administrative remedies attached to the Johnson Declaration on this motion to dismiss without converting it into a motion for summary judgment because Plaintiff's administrative remedies and the BOP's responses have been incorporated into the Complaint by reference. See Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).)

Accordingly, Plaintiff's failure to satisfy the subjective prong of the Eighth Amendment test provides an additional ground for dismissing his Bivens claim.

[6] Additionally, Defendants argue that even if the Complaint states a viable Bivens claim, any claims against defendants Cross, Khan, and Thomas should be dismissed because Plaintiff has failed to adequately plead the personal involvement of these individuals in any deprivation of medical treatment. (Defs.' Reply at 1.) Defendants also argue that Pamphile and Thomas are entitled to absolute immunity from suit as they

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss and for Summary Judgment is GRANTED in its entirety. Because no further issues remain to be decided, the Clerk of the Court is directed to close this case.


**SO ORDERED:**

Barbara S. Jones
UNITED STATES DISTRICT JUDGE


Dated:    New York, New York

February 22, 2010

---

are Public Health Service employees. Accordingly, Plaintiff's failure to plead personal involvement with respect to Cross, Khan, and Thomas and the absolute immunity provided to Pamphile and Thomas provide additional grounds for dismissing Plaintiff's Bivens claim.